**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**,

**-against-**                                              **04-CR-402**

**YASSIN MUHIDDIN AREF**
**and MOHAMMED MOSHARREF HOSSAIN**,

                                        **Defendants.**
_____

**THOMAS J. McAVOY**,
**Senior United States District Judge**


**DECISION & ORDER**

**I.  INTRODUCTION**

Defendant MOHAMMED MOSHARREF HOSSAIN ("Hossain") was charged in

twenty-seven of thirty counts in Superseding Indictment 04-CR-402 (N.D.N.Y.) with various

violations of 18 U.S.C. §§ 1956(a)(3), 2339A, 2339B, 1546, and 2.  Following a four-week

jury trial, Hossain was convicted of each of the twenty-seven counts with which he was

charged.  The facts underlying the allegations and convictions in this matter are set forth in

the Court's February 22, 2004 Memorandum, Decision and Order addressing the

defendants' post-trial motions. See 2/22/07 Mem., Dec. & Ord, dkt. # 440; United States

v. Aref,   2007 WL 603508  (N.Y.N.D. Feb. 22, 2007).  The Court assumes familiarity with

that Memorandum, Decision and Order.  Hossain was sentenced on March 8, 2004, and

this Memorandum, Decision and Order constitutes the Court's written decision of reasons

1

for the sentence imposed.

## II.  FACTUAL BACKGROUND

As stated on the record at the time of sentencing, the Court has reviewed and considered all pertinent information including, but not limited to, the Presentence Investigation Report and addendum ("PSR"); submissions by counsel; the factors outlined in 18 U.S.C. § 3553; and the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines").[1]  The Court adopts the factual information contained in the PSR and, as also stated on the record at the time of sentencing, gives Hossain an exception to the factual content of the PSR.

## III.  GUIDELINE CALCULATION

### A.  § 2339B Offenses

The Court starts by addressing the Guidelines' calculation for Hossain's convictions on Counts 20 through 27.  On these counts, Hossain was convicted of one count of conspiracy to provide material support to a designated terrorist organization in violation of 18 U.S.C. § 2339B, and seven counts of attempting, or aiding and abetting an attempt, to provide material support to a designated terrorist organization in violation of 18 U.S.C. §§ 2339B and 2.   The United States Sentencing Guidelines Manual specifies that for violations of 18 U.S.C. § 2339B, the applicable guideline is U.S.S.G. § 2M5.3.

Under § 2M5.3(a), the Base Offense Level is 26.  Section 2M5.3(b)(1), Specific Offense Characteristic, provides that "[i]f the offense involved the provision of . . . (E) funds or other material support or resources with the intent, knowledge, or reason to

---

[1]The 2006 edition of the Guidelines Manual has been used in this case.

believe they are to be used to commit or assist in the commission of a violent act, increase by 2 levels."  The facts at trial established that the material support in issue, that is, the laundering of funds from the confidential witness's ("CW") purported illegal importation of a Surface-to-Air Missile ("SAM"), was performed by Hossain with the intent, knowledge, and belief that the SAM would be used in an attack on the Pakistani Ambassador in New York City.  Thus, the offenses clearly involved the provision of material support with the intent, knowledge, or reason to believe that the material support would assist in the commission of a violent act.  Accordingly, two points are added to the offense level.

Section 3A1.4 of the Guidelines, the terrorism enhancement, provides at subsection (a) that  "[i]f the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense level is less than level 32, increase to level 32."   This enhancement provides at subsection (b) that "[i]n each such case, the defendant's criminal history category from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI."

Pursuant to Application Note 1 of U.S.S.G. § 3A1.4, a "'[f]ederal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5)."  That provision contains a two part definition: (1) the crime must be "an offense that is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct;" and (2) the crime must be listed in § 2332b(g)(5)(B).  Both § 2339A, which is addressed next, and § 2339B are listed in § 2332b(g)(5)(B).  Further, based upon statements by the CW during the course of the criminal venture, the evidence established that Hossain committed the crimes believing that Jaish-e-Mohammad ("JEM"), the group that purportedly received the SAM, was intending to deploy it against the

3

Pakistani Ambassador in order to teach the President of Pakistan a lesson.  Thus, the evidence was sufficient to establish that the § 2339B offenses involved a federal crime of terrorism that was calculated to influence or affect the conduct of a government by intimidation or coercion, or to retaliate against government conduct.  See United States v. Arnaout, 431 F.3d 994, 1001 (7th Cir. 2005)("where a defendant's offense or relevant conduct includes a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5), then § 3A1.4 is triggered.");  United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004)("involved" means to "include");  United States v. Graham, 275 F.3d 490, 516 (6th Cir. 2001)(The word "involved" "signifies that a defendant's offense included a federal crime of terrorism; in other words, that a defendant committed, attempted, or conspired to commit a federal crime of terrorism as defined in 18 U.S.C. § 2332b(g)(5).");  see also United States v. Hale, 448 F. 3d 971, fn. 1 (5th Cir. 2005)("The definition of 'federal crime of terrorism' appears within a statutory section entitled 'Acts of terrorism transcending national boundaries,' . . . .");  United States v. DeAmaris, 406 F. Supp.2d 748, 750 (S.D. Tex. 2005)(The term "government" as used in § 2332b(g)(5) includes both U.S. and foreign governments.).  Therefore,12 levels are added under the terrorism enhancement, bringing the offense level to 40.

        For the reasons set forth in the PSR at paragraphs 75, 76, and 78, the Court finds that no other adjustments are warranted for the offense level.   Accordingly, the total offense level for the § 2339B convictions is 40.

        Turning to criminal history, the application of the terrorism enhancement results in a presumptive criminal history category of  VI for Hossain.   While the Second Circuit has held that "Congress and the Sentencing Commission had a rational basis for creating a

4

uniform criminal history category for all terrorists under § 3A1.4(b)," the Circuit also noted in the same case that the district court "always has the discretion under § 4A1.3(b) to depart downward in sentencing." United States v. Meskini, 319 F.3d 88, 92 (2d Cir. 2003). Thus, even where the terrorism enhancement applies, a horizontal departure on criminal history is warranted under § 4A1.3(b) if a criminal history category of VI substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

The Court finds that a criminal history category of VI does substantially over-represent the seriousness of Hossain's criminal history. As indicated in the PSR at paragraphs 82 through 87,  Hossain received zero total criminal history points as scored by the United States Probation Department.  The credible and reliable evidence indicates that Hossain has provided for his family until his arrest through lawful employment in various capacities, and there is no indication that he has engaged in any other criminal activity in this country other than reported.[2]   Based upon Hossain's lack of prior criminal history, and his personal characteristics, the Court finds his circumstances to be extraordinary and that a downward departure is warranted to a criminal history category of I.

Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 40 and a criminal history category of I, the Guideline range of imprisonment for the § 2339B convictions is 292 to 365 months.  Pursuant to 18 U.S.C. § 2339B, the statutory maximum term of imprisonment for the § 2339B convictions is 180 months.

---

[2]Hossain had two minor prior interactions with law enforcement that apparently did not result in criminal convictions.

**B.  § 2339B Offenses**

The Court turns next to Counts 12 through 19 upon which Hossain was convicted of conspiracy to conceal or disguise the nature, location source or ownership of material support or resources in connection with an attack with a weapon of mass destruction on a person or property within the United States, in violation of 18 U.S.C. § 2339A; and seven substantive counts of attempting, or aiding and abetting an attempt, to conceal or disguise the nature, location source or ownership of material support or resources in connection with an attack with a weapon of mass destruction on a person or property within the United States, in violation of 18 U.S.C. §§ 2339A & 2.

For a violation of 18 U.S.C. § 2339A, the applicable Guideline sections are § 2X2.1 or § 2X3.1.  These provisions, in turn, direct that the offense level is the same as that for the underlying offense.  The underlying offense charged in these counts is a violation of 18 U.S.C. § 2332a, the unauthorized use of a weapon of mass destruction on a person or property within the United States.  A Guideline sentence for a violation of  § 2332a is determined using either U.S.S.G. § 2K1.4 or § 2M6.1.   Section 2M6.1, which is the higher guideline, does not apply because the definition of weapon of mass destruction in Application Note 1 excludes the subsection of § 2332a that is charged in the Superseding Indictment.

Under U.S.S.G. § 2K1.4, the base offense level is 24.  For the reasons discussed above, the terrorism enhancement of U.S.S.G. § 3A1.4 applies to the § 2339A convictions, resulting in a 12 point increase to an offense level of 36.  Also for the reasons discussed above, the Court finds that no adjustments apply, and that a downward departure to Criminal History Category I is warranted in this case.

6

Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 36 and a criminal history category of I, the guideline range for imprisonment for the § 2339A convictions is 188 - 235 months.  Pursuant to 18 U.S.C. § 2339A, the statutory maximum term of imprisonment for the § 2339A convictions is 180 months.

**C.  18 U.S.C. § 1956**

Hossain was also convicted of conspiracy and ten substantive offenses of money laundering in violation of 18 U.S.C. § 1956.  See Superseding Indictment Counts 1 - 11. The Guidelines Manual specifies that for violations of 18 U.S.C. § 1956, the applicable guideline is U.S.S.G. § 2S1.1.  Under § 2S1.1(a)(2), the base offense level for these convictions is eight plus the number of levels from the table in U.S.S.G. § 2B1.1 corresponding to the value of the laundered funds.  Because the value of the laundered funds in this case was more than $30,000 and less than $70,000, six additional levels are added.

As to specific offense characteristics, U.S.S.G. § 2S1.1(b)(1) provides that "[i]f the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote . . .  (ii) a crime of violence, or (iii) an offense involving firearms, [or] explosives . . . , increase by 6 levels."   The evidence established that Hossain believed that the laundered funds were the proceeds of the illegal importation of a firearm or explosive, and that he believed that money laundering scheme was intended to promote a crime of violence involving the use of a firearm or explosive.  Accordingly, six additional levels are added to the offense level.

Next is the question of whether the terrorism enhancement of U.S.S.G. § 3A1.4

7

applies to the money laundering convictions.  As indicated above, in order for this enhancement to apply, the offense must be a felony "that involved, or was intended to promote, a federal crime of terrorism."  U.S.S.G. § 3A1.4(a).  Application Note 1 to U.S.S.G. § 3A1.4(a) provides that a "'[f]ederal crime of terrorism' has the meaning given that term in 18 U.S.C. § 2332b(g)(5)."  Under Section 2332b(g)(5), the crime must be (1) "an offense that is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct;" and (2) listed in § 2332b(g)(5)(B).

Since 18 U.S.C. § 1956 is not listed in § 2332b(g)(5)(B), this offense does not "involve" a federal crime of terrorism.  Nonetheless, the terrorism enhancement is properly applied to the money laundering convictions under the "intended to promote" prong of the enhancement's language "if the purpose or intent of the defendant's substantive offense of conviction or relevant conduct was to promote a federal crime of terrorism." United States v. Arnaout, 431 F.3d 994, 1000-01 (7th Cir. 2005); see also  United States v. Hale, 448 F. 3d 971, 988 (5th Cir. 2005)("That Hale did not commit a federal crime of terrorism is irrelevant;  the district court found that the purpose of his soliciting Evola was *to promote* a federal crime of terrorism - the murder of a federal officer or employee.")(emphasis in original);  United States v. Mandhai, 375 F.3d 1243, 1247 (11th Cir. 2004)("Under a plain reading, the phrase 'intended to promote' means that if a goal or purpose was to bring or help bring into being a crime listed in 18 U.S.C. § 2332b(g)(5)(B), the terrorism enhancement applies."); United States v. Graham, 275 F.3d 490, 517 (6th Cir. 2001)(The phrase "intended to promote" "implies that the defendant has as one purpose of his substantive count of conviction or his relevant conduct the intent to promote a federal

8

crime of terrorism.").

Here, the evidence established that Hossain believed that the funds being laundered were the proceeds from the sale of a SAM that was to be used in an attack on the Pakistani Ambassador by JEM to teach the President of Pakistan a lesson. Thus, the evidence was sufficient to established that, through the money laundering scheme, Hossain intended to promote a federal crime of terrorism that was calculated to influence or affect the conduct of a government by intimidation or coercion, or to retaliate against government conduct.   Accordingly, the terrorism enhancement applies to the § 1956 convictions, bringing the total offense level to 32.  For the reasons set forth above,  no additional adjustments are warranted, and the Court finds that a downward departure to criminal history category I is warranted.

Pursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of 32 and a criminal history category of I, the guideline range for imprisonment for the § 1956 convictions  is  121-151 months.  Pursuant to 18 U.S.C. § 1956, the statutory maximum term of imprisonment for the § 1956 convictions is 240 months.

### D. 5K2.20 - Aberrant Behavior

_____The Court has considered Hossain's motion for a further departure under U.S.S.G. § 5K2.20 of the Sentencing Guidelines based upon "aberrant behavior" and finds that departure on this ground is not warranted.  Section 5K2.20 permits a downward departure for aberrant behavior "only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an

9

otherwise law-abiding life." U.S.S.G. § 5K2.20(b) .

The Court finds that the offenses committed by Hossain were not spontaneous but rather involved significant planning. See United States v. Castellanos, 355 F.3d 56, 59 (2d Cir. 2006).   Further, the crimes were not of limited duration, but rather were committed over a relatively long duration and done repetitively. "Repetitious or significant, planned behavior does not meet the requirements of subsection (b)" of  § 5K2.20. U.S.S.G. § 5K2.20, Application Note 2.  In this case, the facts established that on November 20, 2003, Hossain was shown the SAM and learned that the CW sold it for $50,000.  Hossain then had from December 3, 2003, when the money laundering proposal was made, until January 2, 2004, when the first money laundering transaction occurred, to decide whether to participate.  He did participate, and he continued his participation throughout the next seven months when he over and over again committed additional money laundering acts until his arrest on August 4, 2004.  Accordingly, the Court finds that the conduct here does not warrant an aberrant behavior downward departure under U.S.S.G. § 5K2.20.

### D.  Guideline Sentence conflicting with Statutory Maximums

The United States Sentencing Guidelines provide:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d).

_____In this case, the counts carrying the highest statutory maximum are the § 1956

convictions which carry a 240 month statutory maximum. The Guideline sentence for the §
1956 convictions is 121- 151 months, which is less than the 240 month statutory
maximum.  Referring to U.S.S.G. § 5G1.2(d), the Second Circuit recently held that:

> where the Guidelines-recommended sentence exceeds the statutory
> maximum on some counts but not others, the court should impose no more
> than the statutory maximum on any one count but should impose the
> sentences consecutively to the extent necessary to reach the recommended
> Guidelines range.

U.S. v. Reifler, 446 F.3d 65, 113 (2d Cir. 2006).

The § 2339B convictions carry the highest adjusted offense level.  Consequently, in
accordance with U.S.S.G. § 3D1.3(a),  these offenses are controlling for scoring purposes.
The Guideline range for these offenses, which can be grouped with the other offenses of
conviction under U.S.S.G. § 3D1.3(b), constitutes the "total punishment" for purposes of
Section 5G1.2(d).  See PSR at ¶ 71 (discussing "Grouping").  The Guideline range for the
§ 2339B offenses is 292-365 months.

Thus, if the Court were to apply § 5G1.2(d), Hossain's sentence of imprisonment on
the various convictions would be imposed within their statutory maximums but
consecutively up to the point that the "total punishment" sentence of imprisonment under
the Guidelines was reached.  In this regard, applying § 5G1.2(d) would result in an
aggregate sentence of at least, 292 months, which is the lower end of the Guideline's
range for the § 2339B convictions.

However,  "[a]s a result of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738,
160 L. Ed.2d 621 (2005), §5G1.2(d) of the Sentencing Guidelines is advisory."   United
States  v. Kuri, 427 F.3d 159, 164 (2d Cir. 2005).  Accordingly, this Court possesses
discretion to determine, after application of the factors set forth in 18 U.S.C. § 3553(a),

11

whether to impose consecutive or concurrent sentences.

As stated at the time of sentencing, the Court is aware of all of the factors set forth in 18 U.S.C. § 3353.  Considering the factors set forth in § 3553(a), the Court finds that an appropriate sentence is reached without applying §5G1.2(d).  The purported underlying terrorism crime around which the sting was based is a serious offense, and those who support these types of crimes deserve substantial punishment to deter them, and others like them, from committing similar crimes in the future.  But having said that, and having considered that Congress determined that the statutory maximum sentences for the § 2339A and § 2339B offenses to be 180 months, the Court finds that a sentence of 180 months is reasonable and sufficient to accomplish the goals set forth in § 3553(a).

In this regard, the evidence does not support the proposition that Hossain actively sought out some way to aid a terrorist crime.  Rather, the crimes were presented to him. In addition, the evidence establishes that Hossain proceeded with the crimes out of  greed - not an ideological desire to commit acts of terrorism.  Having considered the available sentences under the Guidelines and the statutes; the defendants' history and characteristics; the nature and circumstances of the crimes of conviction; the need for deterrence, punishment, and to protect the public; and the other factors set forth under § 3553, the Court finds that a sentence of 180 months is reasonable and adequate in these circumstances.

### E.  Medical Condition/Age

The Court does not find that Hossain's medical condition or age warrants a sentence below 180 months.  As outlined by the Bureau of Prisons' Health Systems Administrator in her letter to the prosecutor, see Exhibit A to the Government's Reply

12

Sentencing Memorandum, the Bureau of Prisons has the facilities and capabilities to adequately address and care for Hossain's medical conditions. See United States v. Martinez, 207 F.3d 133, 139 (2d Cir. 2000)(downward departure properly denied where "[t]here is no evidence in the record that [defendant's] diabetes is of a type that cannot be adequately cared for within the prison system."). Further, Hossain is not of such advanced age or of such infirm health that would warrant a sentence below 180 months.

### F.  Lynn Stewart's Sentence

Finally, the Court does not find that a lower sentence is warranted to gain parity with the twenty-eight month sentence imposed upon Lynn Stewart in the United States District Court for the Southern District of New York.  As the Second Circuit noted recently, "the mandate to take into account nationwide disparities under § 3553(a)(6), as distinct from the need to give due weight to the Guidelines under § 3553(a)(4), is modest." United States v. Wills, 476 F.3d 103, 2007 WL 366071, at *6 (2d Cir.  Feb. 5, 2007).   While the Court must be "mindful of the general goal, however elusive, of national consistency" in sentencing, the Court's primary duty is rendering a just sentence with an eye toward the particular circumstances before it.  Id.

Looking at the circumstances of Defendant Hossain and his convictions, and those of Ms. Stewart, the Court finds that the two are not similarly situated such that Ms. Stewart's sentence should dictate the sentence imposed upon Hossain.  In Ms. Stewart's case, the district court found that a substantial downward variance was warranted based on Ms. Stewart's past work "providing a criminal defense to the poor, the disadvantaged and unpopular over three decades;" the fact that she would lose the ability to practice law which would mean that  "the occasion for her offenses will be removed;" and, at the time

13

of sentencing, she was 67 years old, had suffered from cancer and underwent surgery and radiation therapy, and was taking medication for the condition.  United States v. Sattar, 02-CR-395 (S.D.N.Y.), Trans. of 10/16/06 Sent. pp. 115- 117.   By contrast, Hossain has no similar history of public service; he will not lose a license to pursue a profession; the means to pursue the underlying crimes will not necessarily be removed; he is 17 years younger than Ms. Stewart; and his medical condition is one that the Bureau of Prisons believes that it can adequately address.

Thus, for the reasons previously discussed, including a consideration of the the need to punish this defendant, and to protect the public from further crimes from Hossain, the Court finds no basis to sentence Hossain below 180 months.

## IV. CONCLUSION

Therefore, upon Defendant Hossain's conviction at trial of Counts 1 through 27 of the Superseding Indictment, it is the judgment of the Court that he shall be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  term of 151 months on each of Counts 1 through 11; and 180 months on each of Counts 12 through 27. The sentences on all counts are to run concurrently with one another.  The aggregate term of imprisonment for all counts is 180 months (15 years).

Upon his release from imprisonment, Defendant Hossain shall be placed on supervised release for a term of three (3) years on each of the counts of conviction. These terms of supervised release are to run concurrently, pursuant to 18 U.S.C. § 3624(e), for a total term of supervised release of three (3) years.   The remaining terms and conditions of Defendant Hossain's sentence have been set forth by the Court at the time of sentencing, are incorporated by reference herein, and shall be contained in the

14

Judgement of Conviction that shall be entered in this case.

**IT IS SO ORDERED**

DATED:March 14,2007

Thomas J. McAvoy
Senior, U.S. District Judge